NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| COLIN M. RANDOLPH, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> C. SANDOVAL; V. BENAVIDES; H. CARRILLO; R. SPEIDELL, Lieutenant; D. TYSON; C. PFEIFFER; R. CORLEY; S. HENDERSON; S. WILSON; M. HENDERSON; G. MARQUEZ, <br><br> Defendants - Appellees. | No. 24-2203 <br><br> D.C. No. 1:18-cv-00968-JLT-BAM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted February 18, 2026[**]

Before: CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

California state prisoner Colin M. Randolph appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1983 action alleging First and Eighth Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Randolph failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Ross v. Blake*, 578 U.S. 632, 642-44 (2016) (explaining that an inmate must exhaust available administrative remedies before bringing an action, and describing limited circumstances in which administrative remedies are unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that exhaustion requires compliance with prison deadlines and other procedural rules).

**AFFIRMED.**